# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEITH M. MONROE,

    Plaintiff,

                                      Case No. 05-CV-70115-DT

v.

                                      HONORABLE DENISE PAGE HOOD

SECURITAS/PINKERTON,

    Defendant.

_____/

## ORDER SETTING ASIDE TWO ORDERS TO SHOW CAUSE
## AND
## ORDER EXTENDING TIME TO SERVE SUMMONS AND COMPLAINT

On January 11, 2005, Plaintiff Keith M. Monroe filed a Complaint and an Application to Proceed Without Prepayment of Fees which was granted by the Court on February 1, 2005. The Court ordered that the United States Marshal serve the Complaint and Summons. On February 2, 2005, the United States Marshal's Office served the Summons and Complaint by mail. On February 18, 2005, the Summons and Complaint were returned to the United States Marshal's Office, marked "Undeliverable As Addressed, Forwarding Order Expired." The United States Marshal's Office mailed the Summons and Complaint to: Securitas/Pinkerton, 37625 Ann Arbor Rd., Livonia, MI 48150, which is the Defendant's address listed by Plaintiff on the Complaint.

On June 28, 2005, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. On June 15, 2005, Plaintiff filed a Motion to Compel Discovery and a Response to the Order to Show Cause, entitled as a "Motion of Response." The Court issued a second Order to Show Cause to personally appear before the Court on November 21, 2005 to show cause why the case should not be dismissed for failure to prosecute.

Rule 4(m) of the Rules of Civil Procedures provide that the summons and complaint must be served upon a defendant within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). The court, after notice to the plaintiff, shall dismiss the action without prejudice, unless the plaintiff shows good cause for the failure to serve, the court shall extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Factors to be considered include whether: 1) a significant extension of time was required; 2) an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; 3) the defendant had actual notice of the lawsuit; 4) a dismissal without prejudice would substantially prejudice the plaintiff (i.e. the suit would be time-barred); and, 5) plaintiff had made any good faith efforts at effecting proper service of process. *Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D. Mich. 2001).

The Complaint was filed on February 1, 2005. The 120 days to serve Defendant has expired. At the Order to Show Cause hearing, Plaintiff indicated he did not receive any notice from the Court or from the United States Marshal's Office that the Summons and Complaint were undeliverable based on Defendant's address provided by Plaintiff in his Complaint. Plaintiff provided the Court with alternative addresses for Defendant.

Although Plaintiff's Motion for Discovery and his Response to the Court's Order to Show Cause ("Motion of Response") do not request that the Court extend the time to serve Defendant with the summons and complaint, the Court will allow an extension of time to serve Defendant since Plaintiff is proceeding *pro se*. Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Addressing the factors the Court should consider before extending the time to serve Defendant, the Court finds that as to the first and second factors, the ninety (90) days extension of time is not significant and defendant

would not prejudice defendant. Regarding the third factor, although Defendant may not have actual notice of this lawsuit, Defendant has notice of Plaintiff's claim based on Plaintiff's filings with the Michigan Department of Civil Rights and/or the Equal Employment Opportunity Commission. The fourth factor weighs in favor of Plaintiff since a dismissal without prejudice would substantially prejudice Plaintiff. Title VII of the Civil Rights Act provides that a claimant may file a lawsuit within 90-days after receipt of the Final Determination/Notice of Right to Sue Letter. If the Court dismisses the suit without prejudice, Plaintiff's second lawsuit may be subject to the 90-days limitation. The final factor also weighs in favor of Plaintiff since he did provide the Court with an address for Defendant in his Complaint and Plaintiff was not notified by the Court or the United States Marshal's Service that the attempt to serve Defendant was unsuccessful. The Court will allow an additional 90-days for the United States Marshal Service to serve Defendant at the following addresses provided by Plaintiff at the hearing:

> Securitas/Pinkerton c/o Pinkerton's Inc.
> Automotive Division
> 1091 Centre Road, Suite 280
> Auburn Hills, MI 48326
>
> Securitas/Pinkerton c/o Pinkerton Security Services
> 300 Renaissance Center, MC 482 C22 A96
> Detroit, MI 48265
>
> Securitas/Pinkerton c/o Security Services USA
> 4330 Park Terrace Drive
> Westlake Village, CA 91361
>
> Securitas/Pinkerton c/o GM Powertrain Global Headquarters
> 777 Joslyn Avenue
> Mail Code 483-720-580
> Pontiac, MI 48340

Accordingly,

IT IS ORDERED that the Orders to Show Cause **(Docket No. 5, filed June 28, 2005 and Docket No. 8, filed November 1, 2005)** are SET ASIDE.

IT IS FURTHER ORDERED that Plaintiff, through the United States Marshal Service, be allowed to serve Defendant within 90-days from the entry of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motions to Compel Disclosure or Discovery **(Docket No. 6, filed July 15, 2005 and Docket No. 9, filed November 21, 2005)** and Request for Subpoena and Relation to Discovery **(Docket No. 10, filed November 21, 2005)** are DENIED without prejudice because Defendant has not been served and the Court has not issued a Scheduling Order governing discovery. The motions are premature. Plaintiff may renew the motions only after Defendant is served with the Complaint, a Scheduling Order has been issued and Defendant fails to provide any discovery pursuant to the appropriate rules.

   /s/  DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: December 5, 2005

I hereby certify that a copy of the foregoing document was served upon Keith M. Monroe, 5069 Martindale, Detroit, Michigan 48204 on December 5, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager